UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br>    v.<br><br>JOSHUA CORNELSON, JANE DOE CORNELSON, and JOAQUIN ORTEGA CARRILLO,<br><br>    Defendants. | CASE NO. 21-5831 RJB<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendants Joshua Cornelson's and Jane Doe Cornelson's (collectively "Cornelsons") Motion to Dismiss for Lack of Subject Jurisdiction. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Plaintiff Allstate Indemnity Company ("Allstate") filed this declaratory action on November 11, 2021, asserting that this Court has jurisdiction pursuant to the diversity of the parties' citizenship and the amount in controversy under 28 U.S.C. § 1332. Dkt. 1. At the time of the relevant events, Allstate's insurance policy, issued to Mr. Cornelson on a manufactured

ORDER ON MOTION TO DISMISS - 1

home, was in effect. Dkt. 1-2. The Cornelsons now move to dismiss this case, asserting that Allstate has not sufficiently plead that the amount in controversy exceeds $75,000. Dkt. 13. There is no dispute that the parties have diverse citizenship. For the reasons provided below, the motion (Dkt. 13) should be denied.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

Joaquin Ortega Carrillo (also a defendant here) filed a complaint in Clallam County, Washington Superior Court alleging that Mr. Cornelson assaulted and battered him on September 14, 2018. *Ortega v. Cornelson,* Clallam County Superior Court case number 21-2-00485-05 ("underlying case"). The amount of damages was not specified in the underlying case. *Id.* On September 22, 2021, Mr. Ortega Carrillo send a letter to Allstate demanding $501,401.62 in damages alleged to have been caused by Mr. Cornelson's assault and battery. Dkt. 19-1.

In this case, the Plaintiff Allstate seeks a declaration that it has "no obligation to provide coverage or a defense to Joshua Cornelson and 'Jane Doe' Cornelson, husband and wife, in regard to claims asserted against them" by Mr. Ortega Carrillo in the underlying case. Dkt. 1, at 9. Allstate further seeks a declaration that Mr. Ortega Carrillo "is owed nothing in regard to insurance indemnity on the claims he has alleged with respect to the coverages allowed under the policy." *Id.*

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other

enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity of citizenship and amount in controversy), and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until it is established.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  As the party asserting that the court has jurisdiction over this case, Allstate bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.  *In re Ford Motor Co./Citibank (S. Dakota), N.A*., 264 F.3d 952, 957 (9th Cir. 2001).

### B.  MOTION TO DISMISS BASED ON AMOUNT IN CONTROVERSY

The Cornelsons' motion to dismiss for lack of subject matter jurisdiction based on Allstate's failure to demonstrate that the amount in controversy is over $75,000 as required by 28 U.S.C. § 1332 (Dkt. 13) should be denied.

Allstate has shown by a preponderance of the evidence that the amount in controversy is at least $75,000.  In support of its contention that the amount in controversy is over $75,000, Allstate points to the settlement demand letter it received from Mr. Ortega Carrillo related to the underlying action.  Dkt. 18.  A demand letter is relevant evidence of the amount in controversy if

it appears to reflect a "reasonable estimate" of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In this letter (and its over 700 pages in supporting attachments), Mr. Ortega Carrillo demands $95,799.26 in medical expenses, $482.36 in travel, $45,120.00 in lost earnings, and $360,000.00 in pain and suffering, for a total of $501,401.62. Dkt. 19-1. While it is unclear at this point whether Mr. Ortega Carrillo will be entitled to the amount he has demanded in his initial settlement letter, there is no showing that the letter is not a "reasonable estimate" of the value of his claim.

The Cornelsons point out that after Mr. Cornelson was convicted of criminal charges related to this event, Mr. Ortega Carrillo was only awarded $5,586.03 in a victim's assessment. Dkt. 21. (Mr. Cornelson has since been granted a new trial). *Id.* The Cornelsons fail to show that the victim's assessment award is intended to compensate a victim for all losses potentially recoverable under tort. Further, while they point out that the demand letter indicates that it is not to be used in judicial proceedings, there is no showing that it is being used improperly here, such as to establish "liability for or invalidity of the claim or its amount." *See Cohn,* at 840, n. 3. and Fed. R. Evid. 408.

The parties raise no dispute that the parties have diverse citizenship. Allstate has shown by a preponderance of the evidence that the amount in controversy is at least $75,000. The Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332. The motion to dismiss (Dkt. 13) should be denied.

**C. OTHER MATTERS**

The Cornelsons have now filed another motion to dismiss based on Allstate's failure to exhaust tribal remedies. Dkt. 28. The motion (Dkt. 28), which is noted for consideration on March 18, 2022, is not ripe for decision at this time. On February 25, 2022, Allstate filed a

ORDER ON MOTION TO DISMISS - 4

notice of voluntary dismissal of its claims against Jane Doe Cornelson (Dkt. 30), to which the Cornelsons objected (Dkt. 31). Allstate has now moved for dismissal of its claims without prejudice against Jane Doe Cornelson (Dkt. 33) and that motion is noted for March 11, 2022. The Cornelsons' motion to dismiss (Dkt. 28) and Allstate's motion to dismiss (Dkt. 33) appear related and should be considered together. Accordingly, those motions (Dkts. 28 and 33) should be renoted for March 18, 2022.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Cornelsons' Motion to Dismiss for Lack of Subject Jurisdiction (Dkt. 13) **IS DENIED;** and

- The Cornelsons' motion to dismiss (Dkt. 28) and Allstate's motion to dismiss (Dkt. 33) **ARE RENOTED** for **March 18, 2022**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of February, 2022.

ROBERT J. BRYAN
United States District Judge