UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br>v.<br><br>JOSHUA CORNELSON, JANE DOE CORNELSON, and JOAQUIN ORTEGA CARRILLO,<br><br>Defendants. | CASE NO. 21-5831 RJB<br><br>ORDER ON MOTION TO DISMISS FOR LACK OF TRIBAL COURT EXHAUSTION AND FOR VOLUNTARY DISMISSAL OF "JANE DOE" CORNELSON |

This matter comes before the Court on Defendants Joshua Cornelson's and Jane Doe Cornelson's (collectively "Cornelsons") Motion to Dismiss for Lack of Tribal Court Exhaustion (Dkt. 28) and Allstate Indemnity Company's ("Allstate") Motion for Voluntary Dismissal pursuant to FRCP 41(a)92) as to Defendant "Jane Doe" Cornelson Only (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff Allstate Indemnity Company ("Allstate") filed this declaratory action on November 11, 2021, asserting that this Court has jurisdiction pursuant to the diversity of the

ORDER ON MOTION TO DISMISS FOR LACK OF TRIBAL COURT EXHAUSTION AND FOR VOLUNTARY DISMISSAL OF "JANE DOE" CORNELSON - 1

1  parties' citizenship and the amount in controversy under 28 U.S.C. § 1332.  Dkt. 1.  At the time

2  of the relevant events, Allstate's insurance policy, issued to Mr. Cornelson on a manufactured

3  home, was in effect.  Dkt. 1-2.  The home is the residence of both the Cornelsons, who are

4  married, and is alleged to be on lands of the Lower Elwha Klallam Tribe ("Tribe").  Dkt. 29-1, at

5  2.  Mrs. Cornelson is alleged to be an enrolled member of the Tribe.  *Id.*  Mr. Cornelson is not a

6  tribal member.

7       The Cornelsons now move to dismiss (or stay) this case, asserting that Allstate has not

8  exhausted its remedies in tribal court.  Dkt. 28.

9       After the Cornelson's motion to dismiss was filed, Allstate filed its motion to voluntarily

10 dismiss Mrs. Cornelson.  Dkt. 33.  While the Cornelsons don't oppose dismissal of her from this

11 case, they question Allstate's timing and point out that the Tribal Court case still seeks a decision

12 for the Cornelsons' marital community.  Dkt. 41.  Allstate replies and objects to the Cornelsons'

13 discussion of the Tribal Court issues.  Dkt. 42.  Allstate's motion (Dkt. 33) is unopposed and

14 should be granted without further analysis.  Allstate's claims against Mrs. Cornelson should be

15 dismissed without prejudice.

16      For the reasons provided below, the Cornelson motion to dismiss (Dkt. 28) should be

17 granted, in part, and denied, in part.

18              **I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

19      Joaquin Ortega Carrillo (also a defendant here) filed a complaint in Clallam County,

20 Washington Superior Court alleging that Mr. Cornelson assaulted and battered him on

21 September 14, 2018.  *Ortega v. Cornelson,* Clallam County Superior Court case number 21-2-

22 00485-05 ("underlying case").  The assault and battery are alleged to have occurred at the

23 driveway/yard of the Cornelsons' home.  *Id.*  Mr. Ortega Carrillo send a letter to Allstate

24

1  demanding $501,401.62 in damages alleged to have been caused by Mr. Cornelson's assault and
2  battery. Dkt. 19-1.
3        In this case, Allstate seeks a declaration that it has "no obligation to provide coverage or
4  a defense to Joshua Cornelson and 'Jane Doe' Cornelson, husband and wife, in regard to claims
5  asserted against them" by Mr. Ortega Carrillo in the underlying case. Dkt. 1, at 9. Allstate
6  further seeks a declaration that Mr. Ortega Carrillo "is owed nothing in regard to insurance
7  indemnity on the claims he has alleged with respect to the coverages allowed under the policy."
8  *Id.* Allstate attached a copy of the policy to its complaint. Dkt. 1-2. Joshua Cornelson is listed
9  as the insured. Dkt. 1-2, at 4. The policy defines "you" and "your" as "the person listed under
10  named insured(s) on the policy declarations as the insured and that person's resident spouse."
11  Dkt. 1-2, at 13. It also defines "insured persons" as "you and, if a resident of your household: a)
12  any relative; and b) any dependent person in your care." *Id.*
13        On February 11, 2022, the Cornelsons filed a complaint in the Lower Elwha Klallam
14  Tribal Court ("Tribal Court") seeking a declaration that the Tribal Court has jurisdiction and that
15  Allstate is under a duty to defend and indemnify them in the dispute with Mr. Ortega Carrillo.
16  *Cornelson v. Allstate Indemnity Co. et. al.,* Lower Elwha Klallam Tribal Court case number
17  2022-CV-0009; Complaint Filed in this case at Dkt. 29-1, at 2. That complaint asserts that Ms.
18  Cornelson brings the case "in her personal capacity and on behalf of her Lower Elwha Klallam
19  marital community." *Id.*
20        On February 28, 2022, this Court denied the Cornelsons' motion to dismiss for lack of
21  subject matter jurisdiction (based on the amount in controversy). Dkt. 35.
22        The motion to dismiss for failure to exhaust tribal court remedies argues that this Court
23  should dismiss (or stay) this case in order to give the Tribal Court an opportunity to rule on
24

whether it has jurisdiction. Dkt. 28. Allstate opposes the motion and argues that the Tribal Court plainly lacks jurisdiction over Allstate regarding this dispute and exhaustion is not required. Dkt. 43. A reply was filed (Dkt. 44) and the motion is ripe for consideration.

## II. DISCUSSION

### A. EXHAUSTION OF TRIBAL COURT REMEDIES

"Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987). "Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute." *Id.* Comparatively, "absent a different congressional direction, Indian tribes lack civil authority over the conduct of nonmembers on non-Indian land within a reservation, subject to two exceptions." *Strate v. A-1 Contractors,* 520 U.S. 438, 446 (1997).

> A tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.

*Montana v. United States*, 450 U.S. 544, 565 (1981). The *Montana* Court identified "fee lands" as lands within the reservation owned by non-Indians. *Id.*

The Cornelson motion to dismiss should be granted, in part, and this case should be stayed to give the Tribal Court an opportunity to consider whether it has jurisdiction over this dispute. The events in question are alleged to have occurred on reservation trust land, not on "non-Indian land." "Federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction."

*Iowa Mut.,* at 16 (*internal quotation marks and citations omitted*).  The case should be stayed, not dismissed, because exhaustion of tribal remedies is a matter of comity, not of jurisdiction. *Id.*, at 16.  This Court makes no finding regarding whether the Tribal Court has jurisdiction over this dispute.

      Allstate argues that under *Strate*, the two exceptions announced in *Montana* don't apply. Allstate fails to recognize that *Strate* and the *Montana* line of cases don't apply because each of those cases involved activities by non-Indians on non-Indian fee land (or the functional equivalent) not on Indian trust land as is the case here.  *Strate* involved a car accident between two non-Indians on a North Dakota state highway that ran through an Indian reservation.  The Court found that "the right-of-way North Dakota acquired for the State's highway renders the 6.59-mile stretch equivalent, for nonmember governance purposes, to alienated non-Indian land." *Id.*, at 454. The *Strate* Court explicitly stated that it "express[ed] no view on the governing law or proper forum when an accident occurs on a tribal road within a reservation." *Id,* at 442. *Montana* concerned whether non-tribal regulations applied to non-Indians on alienated non-Indian land within the reservation.  Neither of these cases is helpful in determining whether this Court should wait until the Tribal Court has decided whether it has jurisdiction over this dispute.

      In arguing that the Tribal Court does not have jurisdiction over this dispute, Allstate points to the policy's forum selection clause, which provides that lawsuits related to the policy shall be brought "only in a state or federal court in which the residence premises is located." Dkt. 43, at 7.  Arguably, the Tribal Court's jurisdiction is a different question than whether it is the proper forum for this dispute.  "[W]here, as here, the tribal exhaustion doctrine applies generally to a controversy, an argument that a contractual forum-selection clause either dictates or precludes a tribal forum should not be singled out for special treatment, but should initially be

ORDER ON MOTION TO DISMISS FOR LACK OF TRIBAL COURT EXHAUSTION AND FOR VOLUNTARY DISMISSAL OF "JANE DOE" CORNELSON - 5

directed to the tribal court." *See Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 33 (1st Cir. 2000); *Snowbird Const. Co., Inc. v. United States*, 666 F. Supp. 1437, 1444 (D. Idaho 1987)(holding that tribal court should be the first to determine whether it was the proper forum when contract at issue specified that disputes would be heard in Idaho state courts). The Tribal Court should be given the opportunity to consider whether it is the appropriate forum before this Court considers the issue.

"[W]hen a colorable claim of tribal court jurisdiction has been asserted, a federal court may (and ordinarily should) give the tribal court precedence and afford it a full and fair opportunity to determine the extent of its own jurisdiction over a particular claim or set of claims." *Id.,* at 31. This case should be stayed until the Tribal Court has an opportunity to determine whether it has jurisdiction over this dispute. The parties should be ordered to file a status report within 30 days of a decision from the Tribal Court as to whether it has jurisdiction over this case, and in any event, by June 24, 2022.

**B. ADDITIONAL MATTERS**

In his reply, Mr. Cornelson indicates that if it becomes necessary for him to respond to a motion for summary judgment before his criminal trial takes place, he will move for a stay of this case so that he does not waive his Fifth Amendment right against self-incrimination. Dkt. 44, at 3 n.4. At the time the parties file their status report, Mr. Cornelson should include an update for this Court on the criminal proceedings.

### III.    ORDER

Therefore, it is hereby **ORDERED** that:

- Allstate's Motion for Voluntary Dismissal pursuant to FRCP 41(a)(2) as to Defendant "Jane Doe" Cornelson Only (Dkt. 33) **IS GRANTED**;

- o  Allstate's claims against Mrs. Cornelson **ARE DISMISSED WITHOUT PREJUDICE**;
- The Cornelsons' Motion to Dismiss for Lack of Subject Jurisdiction (Dkt. 28) **IS DENIED**, to the extent they move to dismiss the case, and **GRANTED** to the extent they move to stay this case;
  - o  This case **IS STAYED** until the Tribal Court has an opportunity to determine whether it has jurisdiction over this dispute.
  - o  The parties **ARE ORDERED** to file a status report within 30 days of a decision from the Tribal Court as to whether it has jurisdiction over this case, and in any event, by **June 24, 2022**; and
  - o  Mr. Cornelson **IS ORDERED** to include an update informing this Court of the criminal proceedings in the parties' status report.  This update is also due by **June 24, 2022**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of March, 2022.

ROBERT J. BRYAN
United States District Judge